1 | **BRADLEY/GROMBACHER, LLP**
2 | Marcus J. Bradley, Esq. (SBN 174156)
  | Kiley L. Grombacher, Esq. (SBN 245960)
3 | Lirit A. King, Esq. (SBN 252521)
  | 31365 Oak Crest Drive, Suite 240
4 | Westlake Village, California 91361
5 | Telephone:   (805) 270-7100
  | Facsimile:    (805) 270-7589
6 | E-Mail: mbradley@bradleygrombacher.com
7 |          kgrombacher@bradleygrombacher.com
  |          lking@bradleygrombacher.com
8 |
9 | Attorneys for Plaintiff, SHARON PESKETT, individually
  | and on behalf of other individuals similarly situated
10 |
11 |

12 | **UNITED STATES DISTRICT COURT**
13 | **CENTRAL DISTRICT OF CALIFORNIA**

14 | SHARON PESKETT, individually and on behalf of other individuals similarly situated,

**CASE NO.**

**CLASS ACTION COMPLAINT FOR:**

Plaintiff,

vs.

LEVY PREMIUM FOODSERVICE LIMITED PARTNERSHIP an Illinois limited partnership, COMPASS GROUP USA, INC, a Delaware corporation

Defendants.

1. Failure to Pay all Wages in Violation of California *Labor Code* §§ 204, 1194, 1194.2, 1197, 1197.1;
2. Failure to Furnish an Accurate, Itemized Wage Statement upon Payment of Wages in Violation of California *Labor Code* § 226;
3. Improper Service Charges in violation of UCL, California *Labor Code* §§ 351 and 352;
4. Intentional Interference with Advantageous Relations
5. Breach of Contract
6. Unjust Enrichment
7. Violations of California *Business & Professions Code* §§ 17200, *et seq.*;

1

8. Civil Penalties for Violation of California *Labor Code* §§ 2698-2699;
9. Violations of the Fair Labor Standards Act ("FLSA") §§ 201 et seq.

**DEMAND FOR JURY TRIAL**

    Plaintiff SHARON PESKETT, (hereinafter collectively referred to as "Plaintiff"), hereby submits her Class Action Complaint ("Complaint") against Defendants LEVY PREMIUM FOODSERVICE LIMITED PARTNERSHIP an Illinois limited partnership, and COMPASS GROUP USA, INC, a Delaware corporation (hereinafter collectively referred to as "Defendants") on behalf of herself and the class of all other similarly situated current and former employees of Defendants.  Plaintiff brings this action upon information and belief, except as to their own actions, the investigation of Plaintiff's counsel, and the facts that are a matter of public record, as follows:

**<u>INTRODUCTORY FACTUAL ALLEGATIONS</u>**

    1.    This is a class action challenging systemic illegal employment practices resulting in violations of the California *Labor Code*, California *Business and Professions Code,* and the Fair Labor Standards Act against employees of Defendant.

    2.    Defendant Levy is a restaurant and hospitality company that specializing in providing food and beverage to major entertainment and sports venues.  Plaintiff seeks relief on behalf of herself and the members of the Plaintiff Class as a result of employment policies, practices and procedures of Defendants more specifically described below, which violate the California *Labor Code*, and the orders and

2

standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards.   Said employment policies, practices and procedures are generally described as follows:

    a.  Failure to pay Plaintiff and the members of the Plaintiff Class wages for all hours worked pursuant to California *Labor Code* §1194;

    b.  Failing to pay all wages owed due to Defendants' rounding of hours;

    c.  Failure to pay Plaintiff and members of the Plaintiff Class all wages owed at termination in violation of California *Labor Code* §§200-203;

    d.  Failure to pay Plaintiff and members of Plaintiff Class with appropriate paychecks;

    e.  Failure to indemnify Plaintiff and members of the Plaintiff Class for all necessary expenditures and losses incurred in obedience to the direction of the Defendants in violation of California *Labor Code* § 2802;

    f.  Failure to provide pay out tipped workers service charges that customers reasonably believed were a gratuity.

3.    Plaintiff is informed and believes, and based thereon alleges, that among other things Defendants have engaged in a system of willful violations of the California *Labor Code* and California *Business and Professions Code*, and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

4.    The policies, practices and customs of Defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the structures of the California *Labor Code*, and California *Business and Professions Code*.

5.    This matter is brought as a class action pursuant to California *Code of Civil Procedure* §382, on behalf of Plaintiff and the Plaintiff Class, which is defined more specifically below, but which is comprised, generally, of all former and current

employees of Defendants LEVY PREMIUM FOODSERVICE LIMITED PARTNERSHIP, an Illinois limited partnership, COMPASS GROUP USA, INC, a Delaware corporation, who hold or held the job positions which Defendants classified as "non-exempt" at any of Defendants' facilities in California and throughout the United States.

6.      This Complaint alleges systematic violations of the California *Labor Code* (hereinafter, "*Labor Code*,") and the California *Business & Professions Code* and is brought by Plaintiff on her own behalf and on behalf of the members of the Plaintiff Class.

7.      The California Plaintiff "Class Period" is defined as the period from four years prior to the filing of this action through and including the date judgment is rendered in this matter.  Plaintiff herein reserves the right to amend this Complaint to reflect a different Class Period as discovery in this matter proceeds.

8.      The actions of Defendants are in violation of the California *Labor Code* as well as the wage orders of the Industrial Wage Commission of the State of California and, as a result, are unlawful and unfair acts, thus constituting a violation of California *Business & Professions Code* § 17200, et seq. (Unfair Practices Act).

9.      The policies, practices and customs of Defendants described above and herein have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the requirements of the California *Labor Code* and of the *Business & Professions Code*.

## JURISDICTION AND VENUE

10.      This Court has jurisdiction over the state law claims asserted here pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), which confers original jurisdiction to the district courts "of any civil action in which the matter in controversy exceeds the or value of $5,000,0000, exclusive of interests and costs, and is a class action in which-any member of the class of Plaintiff is a citizen of a State different than the defendant.".  Plaintiff is informed and believes that there are

more than one hundred class members, they reside in different State from the Defendant, and the amount in controversy exceeds five million dollars.

11.     Furthermore, this Court has general federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 since Plaintiff has brought claims pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq.   This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. Defendants operate at businesses in this district, are registered to do business in this district, employ numerous workers in this district, including Plaintiff, and a substantial part of the events giving rise to Plaintiff's claims occurred within this judicial district. Accordingly, Defendants are subject to general personal jurisdiction here.

## **THE PARTIES**

12.     Plaintiff SHARON PESKETT ("Plaintiff Peskett") is a resident of Los Angeles County, in the State of California.   Plaintiff is a current employer of Levy Restaurants working as a "suite attendant" at the Rose Bowl in Pasadena, California. She previously worked as a "Food Runner/Premium Service at Dodger Stadium from 2017 until approximately July, 2019.   Both the Rose Bowl and Dodger Stadium are large venues in Los Angeles County that are utilized for sporting events and music concerts that generate massive ticket sales.   Dodger stadium has a capacity of

13.     approximately 56,000 people[1] and the Rose Bowl has a capacity of approximately of 92,500 people[2].

14.     Defendant LEVY PREMIUM FOODSERVICE LIMITED PARTNERSHIP an Illinois limited partnership that conducts business in California, and is a subsidiary of COMPASS GROUP USA, INC., a Delaware corporation.

---

[1] https://www.mlb.com/dodgers/history/ballparks

[2] https://www.discoverlosangeles.com/visit/rose-bowl-stadium-the-story-of-an-la-icon

15.    At all times herein mentioned, Defendants participated in the wrongdoing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

16.    Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, each of the Defendants named herein were the agent, employee, alter ego and/or joint venture of, or working in concert with each of the other co-Defendants and were acting within the course and scope of such agency, employment, joint venture, or concerted activity.  To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

17.    At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

18.    At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.  At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

19.    The members of the Plaintiff Class, including the representative Plaintiff named herein, have been employed during the Class Period in California. The

practices and policies which are complained of by way of this Complaint are enforced throughout the State of California and the United States.

## FACTUAL ALLEGATIONS

20.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

21.    Plaintiff and all other members of the Plaintiff Class were and are classified by Defendants as non-exempt employees, pursuant to the provisions of the California *Labor Code,* and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards.  As non-exempt employees, Plaintiff and all other members of the Plaintiff Class are entitled to certain benefits.  In addition, said statutory provisions, wage orders, regulations and standards obligate the employer to maintain accurate records of the hours worked by employees.

22.    Defendants have engaged in, and continue to engage in, unfair business practices in California by practicing, employing and utilizing the employment practices and policies outlined above.

23.    Defendants' utilization of such unfair business practices deprives Plaintiff and Plaintiff Class members of the general minimum working standards and entitlements due to them under California law and the Industrial Welfare Commission wage orders as described herein.

24.    As a direct result of the wage and hour violations herein alleged, Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer substantial losses related to the use and enjoyment of wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendants to fully perform its obligations under state law, all to Plaintiff's respective damage in amounts according to proof at the time of trial.

//

//

### *Defendant's Failure to Pay All Wages*

25.     Defendants did not compensate their hourly non-exempt employees for all the minutes that they worked as described above, including but not limited to the time that the employees were subject to the control and direction of Defendants; and/or the time that the employees were suffered or permitted to work.

26.     Defendants rounded Plaintiff's and members of the Plaintiff Class's time to their detriment.  Defendants use a timekeeping software known as 'Kronos,' to record its employee work hours.  Employees are required to punch" into the system at the beginning and end of their shifts, as well as for meal breaks.  A Kronos punch shows the actual time (to the minute) when the employee punched into the system. During the relevant times, Defendants calculated an employee's pay based on his or her Kronos punch times subject to a rounding policy where in and out punches are rounded up or down to the nearest tenth of an hour.  E.g. if an employee punches in at 2:57, it would round up to 3:00 and if an employee punched out at 7:03, it would round down to 7:00.

27.      Defendants' routine policy of rounding all hours deprived Plaintiff and other Plaintiff Class Members of the compensation they should have received for all actual hours worked.

28.     Plaintiff alleges that she had uneven and non-rounded punches, but end results are the time being rounded by Defendants.  As a result, Defendants have failed and refused to compensate Plaintiff and members of the Plaintiff Class all wages due to them for actual hours worked, and are in violation of California *Labor Code* § 1194.  Defendant owes each of their hourly employees for the unpaid time each day.

### *Security Checks*

29.     Pursuant to a uniform policy originated by Defendants, all hourly employees are subject to bag searches.  Hourly employees were and are required to wait in line with the rest of the general public and be searched for potential or possible contraband.  Thus, at the discretion and control of the Defendants, Plaintiff and

8

members of the Plaintiff Class were and are required to wait in line for security checks for each day at the start of their shift.  This daily uncompensated waiting time during security checks was done in order to undergo searches for possible contraband.  Because such screening is designed to prevent and deter employee contraband, a concern that stems from the nature of the employee's work, the security checks and consequential wait time are necessary to the employee's primary work without compensation.

30.     Plaintiff alleges that there were no separate security check locations for employees, and all employees had to use the security checkpoints that are open to the public entering the stadiums.  This created lengthy lines, and at times Plaintiff and other non-exempt employees would show up over an hour prior to the start time in order to ensure they made it through security in a timely manner before the start of their shift.

31.     Plaintiff also alleges that even if employees arrived over an hour prior to the start of a shift to ensure they made it through security, Kronos, the timekeeping system would not register any punches prior to ten (10) minutes prior to the start of a shift.    Thus, the time waiting in the security line was uncompensated by the Defendants.

*Time Spent "off the clock"*

32.     Plaintiff alleges that after each shift she was required to clock-out, she was to remain on the premises for up to thirty (30) minutes or longer to receive her tips.  The tips were given to her by management; however, Plaintiff was always told to clock-out before receiving her tips.  This is time that should have been compensated by Defendants.

*Defendants' Failure to Provide Accurate Wage Statements*

33.     Defendants failed to comply with California *Labor Code* §226(a) because the earnings statements provided by Defendants to Plaintiff and members of the Plaintiff Class do not accurately depict the total number of hours worked, nor do

the statements specify the correct gross wages earned by Plaintiff and other members of the Plaintiff Class.  Thus, Defendant violated California *Labor Code* §226(a).

34.    Defendants failed to accurately record the wages due to Plaintiff and members of the Plaintiff Class, specifically including, but not limited to, by failing to record all hours worked and by failing to record wages due for time worked "off-the-clock."

**Defendants' Failure to Pay Gratuities**

35.    Plaintiff and other class members who work for Defendants as "suite attendants" serve patrons who purchase luxury boxes for sporting events and music concerts.

36.    These boxes sell for thousands of dollars and in addition include premium food and liquor service where Defendants have suite attends to ensure that patrons are given top tier service.  Suite attendants' duties include, *inter alia*, being food and beverage servers and bussers in luxury suites, ensuring that food and drinks are set up and fully stocked.

37.    By custom and practice, suite attendants and food servers receive gratuities, known as "tips" that supplement the income from this type of work.

38.    Pursuant to Defendants' corporate policy, Defendant adds a twenty percent "service charge" to each bill in the luxury suites.

39.    Plaintiff and the members of the Class, however, receive no tipping from the service charge to food and drink orders.

40.    It is typical and customary in the hospitality industry that establishments impose gratuity charges to be paid to the service staff.

41.    Thus, when customers pay these charges, it is reasonable for them to believe they were gratuities to be paid to the service staff.

42.    Indeed, because of the way these charges are depicted to customers, and the custom in the food and beverage/hospitality industries that gratuities in the fange

10

of 18-22% are paid for food and beverage service, customer have paid these charges reasonably believing that they were to be remitted to the service staff.

43.     Indeed, Suite attendants however are prohibited from alerting patrons to the fact that the service charge does not include any tip.

44.     Defendants do not remit these service charges as gratuities to the non-managerial employees who service the food and beverages.  Instead, Defendant has a policy and practice of retaining for itself a portion of these gratuities.

45.     Defendants are aware that customers believe that food servers are being tipped out from this service charge and suite attendants have raised this issue with management who have ignored such complaints.

46.     Defendants have, and continue to fail to inform customers that such service charges are not distributed as gratuities to employees.

47.      Furthermore, Defendants represented that Plaintiff who worked as food servers would be tipped as part of their services, but have failed to distribute the total proceeds of those gratuities to the class members.

48.     Plaintiff and other employees are not "tipped" due to Defendants fraudulent policy supporting customers' assumption that servers' tip is included in the "service charge".

49.     Defendants violated California Labor Code § 351 which prohibits employers from not remitting non-managerial service employees the total gratuities that are charged to customers.

50.     This has caused Plaintiff and other employees' significant injury, and the loss of gratuities to which they are entitled.

51.     Defendant knew that customers wrongfully assumed this is service gratuity but continue to include it in receipts with no clarification as to what such additional surcharges are for.

//

//

*Facts Regarding Willfulness*

52.     Plaintiff is informed and believes, and based thereon allege, that Defendants are and were advised by skilled lawyers, other professionals, employees with human resources background and advisors with knowledge of the requirements of California wage and hour laws.

53.     Plaintiff is informed and believe, and based thereon allege, that at all relevant times, Defendants had a consistent policy or practice of failing to compensate the Plaintiff Class members, including Plaintiff.

54.     Plaintiff is informed and believe and based thereon allege that at all relevant times, Defendants knew or should have known, that the Plaintiff Class members, including Plaintiff, were and are entitled to accurate wages, be compensated for time spent at lengthy security checks, time spent "off the clock," and for time spent under the control of the Defendants.

*Plaintiff's Exhaustion of Administrative Remedies*

55.     Plaintiff has complied with the procedures for bringing suit specified in California *Labor Code* § 2699.3.

56.     By letter dated March 2, 2020 Plaintiff sent required notice to the Labor and Workforce Development Agency ("LWDA") and Defendant of the specific provisions of the California *Labor Code* alleged to have been violated, including the facts and theories to support the alleged violations.

57.     More than sixty-five (65) days have passed since the notice was mailed to Defendant and the LWDA, and the LWDA has not notified Plaintiff of its intent to investigate the allegations herein.

*Unfair Business Practices*

58.     Defendants have engaged in, and continue to engage in, unfair business practices in California by practicing, employing and utilizing the employment practices and policies outlined above.

59. Defendants' utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendants' competitors.

60. Defendants' utilization of such unfair business practices deprives Plaintiff and Plaintiff Class Members of the general minimum working standards and entitlements due them under California law and the Industrial Welfare Commission wage orders as described herein.

61. As a direct result of the wage and hour violations herein alleged, Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer substantial losses related to the use and enjoyment of wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendants to fully perform its obligations under state law, all to Plaintiff's respective damage in amounts according to proof at the time of trial.

## CLASS ACTION ALLEGATIONS

62. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

63. Plaintiff brings this action on behalf of herself and all others similarly situated as a class action, pursuant to California *Code of Civil Procedure* §382. The classes which Plaintiff seeks to represent are composed of, and defined as follows:

### Plaintiff Class

All persons who have been, or currently are, employed by Defendants and who held, or hold, job positions which Defendants have classified as "non-exempt" employees in the State of California. (The Class Period is defined as the period from four years prior to the filing of this action through and including the date judgment is rendered in this matter). The term "non-exempt employee" refers to those who Defendants have classified as non-exempt from the overtime wage provisions of the California *Labor Code.*

**Tipping Sub Class**

All members of the Plaintiff class who worked in serving positions, where customers of Defendants were assessed a "Service" or other similarly titled fee.

**Nationwide Class**

All persons who have been, or currently are, employed by Defendants and who held, or hold, job positions which Defendants have classified as "non-exempt" employees in the United States during the Class Period who worked in serving positions, where customers of Defendants were assessed a "Service" or other similarly titled fee.

(collectively "Plaintiff Class" or "Class Members")

64.    The Plaintiff Class and Tipping Sub Classes are so numerous that the individual joinder of all members is impracticable.  While the exact number and identification of the Plaintiff Class, Nationwide Sub Class, and Tipping Sub Class are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery directed to Defendant, Plaintiff is informed and believes that the class includes potentially hundreds of members.

65.    Common questions of law and fact exist as to all Class Members, and predominate over any questions affecting solely individual members of the class. Among the questions of law and fact, that are relevant to the adjudication of class members claims are as follows:

    a.    Whether Plaintiff and members of the Plaintiff Class are subject to and entitled to the benefits of California wage and hour statutes;

    b.    Whether Defendant's policies resulted in a failure to pay all wages;

    c.    Whether Defendants maintained accurate records of the hours worked by members of the Class in violation of California *Labor Code* §1174;

14

d.     Whether Defendants unlawfully and/or willfully failed to provide Plaintiff and members of the Plaintiff Class with true and proper wage statements upon payment of wages, in violation of California *Labor Code* §226;

e.     Whether Plaintiff and members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief;

f.     Whether Defendants had a policy of failing to pay members of the Tipping Sub Class gratuities from service charges;

g.     Whether Defendants' conduct as alleged herein violates the Unfair Business Practices Act of California, *Bus. & Prof. Code* § 17200, *et seq.*

66.     The claims of the named Plaintiff are typical of the claims of the members of the Plaintiff Class, the Tipping Sub-Class and the Nationwide Class. Plaintiff and Class Members sustained losses, injuries and damages arising from Defendants' common policies, practices, procedures, protocols, routines, and rules which were applied to other class members as well as Plaintiff.   Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by other members of the proposed class.

67.     Plaintiff is an adequate representative of the proposed classes because she is a member of the class, and her interests do not conflict with the interests of the members she seeks to represent.   Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and her counsel intend to prosecute this action vigorously for the benefit of the classes.   The interests of the Class Members will fairly and adequately be protected by Plaintiff and her attorneys.

68.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all

Class Members is impracticable.  It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds of individuals, repetitive lawsuits.  Further, individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims.   By contrast, the class action device presents far fewer management difficulties, and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

69.     The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the California *Code of Civil Procedure* § 382 because:

> a. The prosecution of separate actions by hundreds of individual class members would create a risk or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for Defendants; and
>
> b. The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.

70.     Plaintiff hereby incorporates each and every allegation contained above and realleges said allegations as if fully set forth herein.

## COLLECTIVE ACTION ALLEGATIONS

71.     Plaintiff hereby incorporates each and every allegation contained above and realleges said allegations as if fully set forth herein.

72.     Plaintiff brings Cause of Action 6, the FLSA claim, as a nationwide "opt-in" collective action pursuant to 29 U.S.C. § 216(b), on behalf of herself and on

16

behalf of the following Class of persons (hereinafter the "FLSA Class" or "FLSA Collective Plaintiffs"):

> **<u>FLSA Class</u>**
>
> **All current and former that were denied all tips due by Defendants working in the United States within three (3) years of the filing of this class action and the entry of judgment in this case.**

73.     The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

74.     All claims involving the FLSA Collective Class have been brought and may properly be maintained as a collective action under 29 U.S.C. § 216, because there is a well-defined community of interest in the litigation, and the proposed FLSA Collective Class is easily ascertainable by examination of the employment records that Defendants are required to maintain by law, including but not limited to employee time clock reports and payroll records.

75.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, and job duties, and are and have been subject to Defendants' decision, policy, plan, practice, procedure, routine, and rules to willfully fail and refuse to pay them the legally required overtime wages.  The claims of Plaintiff herein are essentially the same as those of the other FLSA Collective Plaintiffs. Plaintiff alleges that during the FLSA Class Period, they are and were:

(A.) individuals who resided in the United States of America;

(B.) were employed as "non-exempt" employees for Defendants in the United States within the three years preceding the filing of the complaint herein;

(C.) did not receive all compensation for all hours worked over 40 hours in any given week;

(E.) were not properly paid gratuities because Defendants failed to include service charge payments into their rate of pay.

(G.) are members of the FLSA Collective Class as defined in the preceding paragraph in this Complaint; and,

(H.) have signed a consent to sue that shall have been filed in this court.

76.     Other non-exempt current or former employee of Defendants should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other non-exempt employees notice of the action and allow them to opt in to such an action if they so choose.

77.     This Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY ALL WAGES
### (By Plaintiff and the Members of the Plaintiff Class Against All Defendants)

78.     Plaintiff incorporates herein by reference the allegations set forth above.

79.     At all times relevant herein, which comprise the time period not less than four (4) years preceding the filing of this action, Defendants were required to compensate their hourly employees for all hours worked upon reporting for work at the appointed time stated by the employer, pursuant to the Industrial Welfare Commission Orders and California *Labor Code* §§ 200, 226, 1197, and 1198.

80.     For at least the four (4) years preceding the filing of this action, Defendants failed to compensate employees for all hours worked.   Defendants

implemented policies that actively prevented employees from being compensated for all time worked by rounding hours worked to the nearest tenth of an hour.

81.     Plaintiff alleges that they had uneven and non-rounded punches, but end results are the time being rounded by Defendants.  As a result, Defendants have failed and refused to compensate Plaintiff and members of the Plaintiff Class all wages due to them for actual hours worked, and are in violation of California *Labor Code* § 1194.  Defendants owe each of their hourly employees for the unpaid time each day

82.     Additionally, Plaintiff and Class Members are and were subject to lengthy security checks. At times, Plaintiff and Class Members would arrive one hour prior to the start of a shift to ensure they made it through security before their shift began.   This was due in part to there being no separate security entrance for employees, and employees had to enter the same checkpoint as the general public entering the Dodger game.

83.     Although at times hourly employees would arrive an hour prior to the start of their shifts, the timekeeping system, Kronos, would only register a punch ten (10) minutes prior to the start of a shift.  Thus, the time waiting in the security line was uncompensated by the Defendants.

84.     Defendants also subjected employees to time spent "off the clock" where hourly employees were still subject to the control of the Defendants.  Plaintiff alleges that after each shift she was required to clock-out, however was to remain on the premises for up to thirty (30) minutes or longer to receive her tips.  The tips were given to her by management; however, Plaintiff was always told to clock-out before receiving their tips.  This is time that should have been compensated by Defendants.

85.     Under the above-mentioned wage order and state regulations, Plaintiff and the Plaintiff Class are entitled to recover compensation for all hours worked, but not paid, for the four (4) years preceding the filing of this action, in addition to reasonable attorneys' fees and costs of suit in accordance with California *Labor Code* § 218.5, and penalties pursuant to California *Labor Code* §203 and 206.

86.     Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiff and the Plaintiff Class for all wages earned and all hours worked, in violation of state law.  As a direct result, Plaintiff and the Plaintiff Class have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendants to fully perform its obligation under state law, in accordance with Plaintiff's and the Plaintiff Class' respective damage amounts according to proof at time of trial.

87.     Defendants committed such actions knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiff and the Plaintiff Class, from improper motives amounting to malice, and in conscious disregard of Plaintiff and the Plaintiff Class' rights.

88.     Plaintiff and the Plaintiff Class are thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at the time of trial.

89.     As a proximate result of the above-mentioned violations Plaintiff and the Plaintiff Class have been damaged in an amount according to proof at time of trial.

## SECOND CAUSE OF ACTION

## FAILURE TO FURNISH AN ACCURATE ITEMIZED WAGE STATEMENT IN VIOLATION OF CAL. *LABOR CODE* § 226

**(By Plaintiff and the Members of the Plaintiff Class Against All Defendants)**

90.     Plaintiff hereby re-alleges, and incorporate by reference as though set fully forth herein, the allegations contained above.

91.     California *Labor Code* §226(a) sets forth reporting requirements for employers when they pay wages, as follows: "[e]very employer shall ... at the time of each payment of wages, furnish his or her employees ... an accurate itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee.... (5) net wages earned … (8) name and address of the employer; (9) all

20

applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." (Emphasis added.) Section (e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorney's fees."

92.     Defendants failed to comply with California *Labor Code* §226(a) because Defendants failed to accurately represent the gross wages earned and total hours worked by Plaintiff and Class Members. This is because Defendants had a routine policy of failing to accurately calculate the hours worked by Plaintiff and Class Members. The wage statements also fail to properly identify the employer.

93.     Plaintiff and Class members were damaged by these failures because, among other things, the failures hindered Plaintiff and Class Members from determining the amounts of wages actually owed to them.

94.     Plaintiff and Class Members request recovery of California *Labor Code* §226(e) penalties according to proof, as well as interest, attorneys' fees and costs pursuant to California *Labor Code* § 226(e), in a sum as provided by the *Labor Code* and/or other statutes.

## THIRD CAUSE OF ACTION
## IMROPER SERVICE CHARGES
### (By Plaintiff and the Members of the Tipping Sub Class, Against All Defendants)

95.     Plaintiff has worked at the Rose Bowl since 2019 working for the Levy Restaurant Group as a suite attendant, where she acts as a food server in luxury suites.

96.      As a part of all bills in such suites, Defendant adds a twenty percent "service charge" added to each bill. For example, if a bill was $2,300, the bill would show the "total" as $2,300 and a "service charge" below for $460. Because of this

21

ambiguous name, customers assume this is a "gratuity" and that food servers are being tipped from these monies. In fact, Plaintiff and other class members receive no gratuities from the service charge.

97.     California Labor Code § 351 provides that:

No employer or agent shall collect, take, or receive any gratuity or a part thereof that is paid, given to, or left for an employee by a patron, or deduct any amount from wages due an employee on account of a gratuity, or require an employee to credit the amount, or any part thereof, of a gratuity against and as a part of the wages due the employee from the employer. Every gratuity is hereby declared to be the sole property of the employee or employees to whom it was paid, given, or left for. An employer that permits patrons to pay gratuities by credit card shall pay the employees the full amount of the gratuity that the patron indicated on the credit card slip, without any deductions for any credit card payment processing fees or costs that may be charged to the employer by the credit card company. Payment of gratuities made by patrons using credit cards shall be made to the employees not later than the next regular payday following the date thepatron authorized the credit card payment.

98.     Plaintiff and other employees are not "tipped" gratuities on a regular basis due to customers misunderstanding and assumption that servers' tip is included in the "service charge". Defendants are aware of this confusion but have taken no measures to correct their policy.

99.     Defendants violated California Labor Code § 351 which prohibits employers from not remitting non-managerial service employees the total gratuities that are charged to customers.

100.     This has caused Plaintiff and members of the Tipping Sub-Class significant injury, and the loss of gratuities to which they are entitled.

101.   Defendant knew that customers wrongfully assumed this is service gratuity but continue to include it in receipts with no clarification as to what such additional surcharges are for.

102.   This violation is enforceable pursuant to the California Unfair Competition Law, as detailed in Count 8 below.

## FOURTH CAUSE OF ACTION

## INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS RELATIONS

### (By Plaintiff and the Members of the Tipping Sub Class, Against All Defendants)

103.   Defendants' conduct as set forth above in failing to remit the total proceeds of gratuities added to banquet bills to non-managerial service employees who have worked in the defendant's banquet department constitutes unlawful intentional interference with the advantageous relationships that exist between these employees and the Defendant's customers under state common law.

## FIFTH CAUSE OF ACTION

## BREACH OF CONTRACT

### (By Plaintiff and the Members of the Tipping Sub Class, Against All Defendants)

104.   Defendants' conduct as set forth above constitutes breach of implied contract under state common law. The defendant has breached a contract, or implied contract, with its customers that the employees would receive the proceeds of the gratuities, for which the service employees are third party beneficiaries.

## SIXTH CAUSE OF ACTION

## UNJUST ENRICHMENT

### (By Plaintiff, California Class and National Class Against all Defendants)

105.   Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs, and incorporates the same as if set forth herein at length.

106.    Plaintiff brings this claim individually, as well as on behalf of members of the nationwide Class and California Class pursuant California law.  Although there are numerous permutations of the elements of the unjust enrichment cause of action in the various states, there are few real differences.  In all states, the focus of an unjust enrichment claim is whether the defendant was unjustly enriched.  At the core of each state's law are two fundamental elements – the defendant received a benefit from the plaintiff and it would be inequitable for the defendant to retain that benefit without compensating the plaintiff.  The focus of the inquiry is the same in each state.  Since there is no material conflict relating to the elements of unjust enrichment between the different jurisdictions from which class members will be drawn, California law applies to the claims of the Class.

107.    In the alternative, Plaintiff brings this claim individually as well as on behalf of the California Class.

108.    Defendants have been unjustly enriched in retaining the gratuities derived from the assessment of their "Service Charge" by Plaintiff and members of the Classes, which retention under these circumstances is unjust and inequitable.

109.    Retaining the non-gratuitous benefits conferred upon Defendants under these circumstances made Defendants' retention of the non-gratuitous benefits unjust and inequitable.  Thus, Defendants must pay restitution to Plaintiff and members of the Classes for their unjust enrichment, as ordered by the Court.

## SEVENTH CAUSE OF ACTION
## VIOLATIONS OF CALIFORNIA
## *BUSINESS AND PROFESSIONS CODE* § 17200, etc.
**(By Plaintiff and the Members of the Plaintiff Class, Against All Defendants)**

110.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

111.    Section 17200 of the California *Business and Professions Code* prohibits any unlawful, unfair or fraudulent business act or practice.

112.    Plaintiff brings this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described herein.   Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer, injury in fact and monetary damages because of Defendants' actions.

113.    The actions by Defendants as herein alleged amount to conduct which is unlawful and a violation of law.   As such, said conduct amounts to unfair business practices in violation of California *Business and Professions* Code § 17200, *et seq.*

114.    Defendants' conduct as herein alleged has damaged Plaintiff and the members of the Plaintiff Class by denying them wages due and payable, by failing to provide proper rest breaks, and failing to remit to non-managerial employees the proceeds of gratuities in violation of Labor Code Section 351.   Defendants' actions are thus substantially injurious to Plaintiff and the members of the Plaintiff Class, causing them injury in fact and loss of money.

115.    Because of such conduct, Defendants have unlawfully and unfairly obtained monies due to the Plaintiff and the members of the Plaintiff Class.

116.    All members of the Plaintiff Class can be identified by reference to payroll and related records in the possession of the Defendants.   The amount of wages due to Plaintiff and members of the Plaintiff Class can be readily determined from Defendants' records.   The Class Members are entitled to restitution of monies due and obtained by Defendant during the Class Period as a result of Defendants' unlawful and unfair conduct.

117.    During the Class Period, Defendants committed, and continue to commit, acts of unfair competition as defined by § 17200, *et seq.*, of the *Business and Professions Code*, by and among other things, engaging in the acts and practices described above.

118.    Defendants' course of conduct, acts, and practices in violation of the California law as mentioned in each paragraph above constitutes a separate and

25

independent violation of § 17200, etc., of the *Business and Professions Code* in that it is fraudulent, improper and unfair.

119.    The harm to Plaintiff and the members of the Plaintiff Class of being wrongfully denied lawfully earned and unpaid wages outweighs the utility, if any, of Defendants' policies and practices and therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of *Business and Professions Code* § 17200.

120.    Defendants' conduct described herein threatens an incipient violation of California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise significantly threatens or harms competition.

121.    Defendants' course of conduct described herein further violates California *Business and Professions Code* § 17200 in that it is fraudulent, improper, and unfair.

122.    The unlawful, unfair, and fraudulent business practices and acts of Defendants as described herein-above have injured Plaintiff and members of the Plaintiff Class in that they were wrongfully denied the timely and full payment of wages due to them.

## EIGHTH CAUSE OF ACTION
## CIVIL PENALTIES FOR VIOLATION OF CALIFORNIA LABOR CODE §§ 2698-2699
### (Against Defendants on behalf of Plaintiff and All Other Aggrieved Employees)

123.    Plaintiff incorporates all preceding paragraphs as though fully set for herein.

124.    PAGA permits Plaintiff to recover civil penalties for the violation(s) of the Labor Code sections enumerated in California *Labor Code* §2699.5.

125.    PAGA provides as follows: "[n]otwithstanding any other provision of law, a Plaintiff may as a matter of right amend an existing complaint to add a cause of

action arising under this part at any time within 60 days of the time periods specified in this part."

126.    Defendants' conduct, as alleged herein, violates numerous sections of the California *Labor Code* including, but not limited to, the following:

a.   Failed to authorize and permit Plaintiff and the members of the Putative Class of statutorily required meal periods;

b.   Failed to authorize and permit Plaintiff and the members of the Putative Class to take the requisite rest periods;

c.   Failed to pay all wages due, including overtime to Plaintiff and the members of the Putative Class;

d.   Failed to provide Plaintiff and the members of the Putative Class with accurate wage statements; and,

e.   Failed to pay Plaintiff and the members of the Putative Class all wages owed at termination.

127.    California *Labor Code* § 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California *Labor Code* section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

128.    California *Labor Code* §226(a) sets forth reporting requirements for employers when they pay wages, as follows:

"Every employer shall . . . at the time of each payment of wages, furnish his or her employees . . . an itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee . . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis. . .. (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of

Section 1682, the name and address of the legal entity that secured the services of the employer."

Section (e) provides:

"An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period,  not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorneys' fees."

129.    California *Labor Code* § 1174 provides that "[e]very person employing labor in this state shall … [k]eep a record showing the names and addresses of all employees employed and the ages of all minors" and "[keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments…"

130.    California *Labor Code* §204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.  California Labor Code section 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

131.    Defendants, at all times relevant to this complaint, were employers or

persons acting on behalf of an employer(s) who violated Plaintiff and other aggrieved employees' rights by violating various sections of the California *Labor Code* as set forth above.

132.    As set forth above, Defendants have violated numerous provisions of both the Labor Code sections regulating hours and days of work as well as the applicable order of the IWC.  Accordingly, Plaintiff seek the remedies set forth in California *Labor Code* § 558 for themselves, the State of California, and all other aggrieved employees.

133.    Pursuant to PAGA, and in particular California *Labor Code* §§ 2699(a), 2699.3, 2699.5 and 558, Plaintiff, acting in the public interest as a private attorney general, seeks assessment and collection of unpaid wages and civil penalties for Plaintiff, all other aggrieved employees, and the State of California against Defendants, in addition to other remedies, for violations of California *Labor Code* Sections California *Labor Code* §§ 201-203, 226a, 226.3, 226.7, 510, 512, 1174, 1194, 1197, 1197.1, 1199, 2698-2699, 2802.

134.    California *Labor Code* § 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. California *Labor Code* § 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

135.    California *Labor Code* § 204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th

day of the following month. California *Labor Code* § 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

136.   During the relevant time period, Defendants failed to pay Plaintiff Peskett and the aggrieved employees all wages due to them including, but not limited to, overtime wages, all wages due, and meal and rest period premium wages, within any time period specified by California *Labor Code* § 204.   During the relevant time period, Defendants failed to pay Plaintiff and other aggrieved employees all wages due to them including, but not limited to, overtime wages, minimum wages, meal and rest period premium wages, within any time period specified by California *Labor Code* § 204.

137.   Plaintiff has complied with the procedures for bringing suit specified in California *Labor Code* § 2699.3 and SB 836.  By letter dated March 2, 2020, Plaintiff Peskett, on behalf of herself and the other aggrieved employees, pursuant to California *Labor Code* § 2699.3, gave written notice by electronic submission to the Labor and Workforce Development Agency ("LWDA") and certified mail to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

138.   More than sixty-five (65) days have passed since the March 2, 2020 Notice to the LWDA and no response has been received.

## NINTH CAUSE OF ACTION
## FAILURE TO PAY ALL WAGES AND GRATUITY COMPENSATION
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (Against Defendants on behalf of Plaintiff
### and Members of the FLSA Class)

139.   Plaintiff re-alleges and incorporate all preceding paragraphs as though fully set forth herein.

140.   Plaintiff Peskett also brings this lawsuit as a collective action under the

30

Fair Standards Labor Act, 29 U.S.C. §201, et. seq. (the "FLSA"), on behalf of all persons who were, are, or will be employed by Defendants in a non-exempt hourly position during the period commencing three years prior to the filing of this Complaint to and through a date of judgment, who received gratuities and did not receive all compensation as required by the FLSA for the hours worked. To the extent equitable, tolling operates to toll claims by the against the collective employees against the Defendants, the collective statute of limitations should be adjusted accordingly.

141.    The Fair Labor Standards Act, 29 U.S.C. §201, et. seq., states that an employee must be compensated for all hours worked, including straight time compensation and gratuity compensation.   (29 C.F.R. §778.223 and 29 C.F.R. §778.315.)   This Court has concurrent jurisdiction over claims involving the Fair Labor Standards Act pursuant to 29 U.S.C. §216.

142.    This Collective Action by similarly situated persons under 29 U.S.C. 216(b) is based upon the failure of the named Defendants to reimburse the named Plaintiff and the members of the FLSA Class for gratuities that the named Plaintiff and the members of the FLSA Class seek to represent were owed and such monies earned were primarily for the benefit of the named Defendants.

143.    Questions of law and fact common to collective employees as a whole include, but are not limited to the following:

> a.    Whether Defendants' policies and practices failed to accurately compensate Plaintiff and other members of the collective class for gratuities owed;
>
> b.    Whether Defendants failed to include all gratuities in calculating the appropriate rates of pay;
>
> c.    Whether Defendants should be should be enjoined from continuing the practices which violate the FLSA; and
>
> d.    Whether Defendants are liable to the collective employees.

31

144.    The Cause of Action for the violations of the FLSA may be brought and maintained as an "opt-in" collection action pursuant to Section 16(b) of FLSA, 29 U.S.C. 216(b), for all claims asserted by the representative Plaintiff because the claims of Plaintiff are similar to the claims of collective employees.

145.    Plaintiff and the members of the FLSA Class are similarly situated, have substantially similar job requirements and pay provisions, and are subject Defendants' common and uniform policy and practice of failing to pay for all actual time worked and wages earned, failed to accurately record all hours worked by these employees in violation of the FLSA and the Regulations implementing the Act as enacted by the Secretary of Labor, and for failing to include all remuneration in calculating overtime rates and straight time rates of employees.

146.    Defendants are engaged in communication, business, and transmission throughout the United States and are, therefore, engaged in commerce within the meaning of 29 U.S.C. §203(b).

147.    29 U.S.C. §225 provides a three-year statute of limitations applies to willful violation of the FLSA.  The conduct by Defendants which violated the FLSA was willful.

148.    Plaintiff and the members of the FLSA Class regularly worked for gratuities.  Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et. seq., Plaintiff and collective employees were not paid compensation for all wages earned, including gratuities

149.    For the purposes of the Fair Labor Standards Act, the employment practices of Defendants were and are uniform throughout the United States in all respects material to the claims asserted in this Complaint.

150.    Defendants violated the Fair Labor Standards Act by failing to pay hourly employees for all gratuities owed.

151.    As a result of Defendants' failure to pay gratuities compensation, as required by the FLSA, Plaintiff and collective employees were damaged in an amount

to be proved at trial.

152.   Plaintiff Peskett therefore, demands that she and collective employees be paid service charge gratuities, plus liquidated damages, interest and statutory costs as provided by law.

153.   As a result of the willful actions of the named Defendants in reckless disregard of the rights of the named Plaintiff and the members of the FLSA Class, Plaintiff Peskett and the members of the FLSA Class have suffered damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and Class Members pray for judgment as follows:

1. For an order certifying the proposed Plaintiff, Plaintiff Class and the Tipping and Nationwide Sub-Classes;

2. An order that counsel for Plaintiff be appointed class counsel;

3. Certification of this class action on behalf of the proposed Plaintiff, Plaintiff Class and the Tipping and Nationwide Sub-Classes;

4. Designation of Plaintiff as the class representative of the Plaintiff, Plaintiff Class; the Tipping and Nationwide Sub-Classes;

5. For restitution of all monies due to Plaintiff and the members of the Plaintiff Class and disgorgement of all profits from the unlawful business practices of Defendants;

6. A declaration that Defendant's practices violate the California *Labor Code* and California *Business & Professions Code*;

7. Prejudgment and post judgment interest on all sums awarded;

8. For compensatory damages;

9. For penalties pursuant to California *Labor Code* §§ 200, 226;

10. For interest accrued to date;

11. For costs of suit and expenses incurred herein pursuant to California *Labor Code* §§ 226 and 1194;

33

12. For reasonable attorneys' fees pursuant to California *Labor Code* §§ 226, and 1194; and,

13. A declaratory judgment that Defendants have knowingly and intentionally violated the following provisions of law:

    a. California *Labor Code* § 226, by failing to provide the information required with each payment of wages;

    b. California *Labor Code* §§ 201-203 and 227.3 by failing to pay all wages when due and by willfully failing to make timely payment of the full wages due to workers who quit or have been discharged;

    c. California *Business & Professions Code* §§ 17200-08 by violating the provisions set forth herein above;

    d. Disgorgement of profits,

    e. For an order awarding restitution of unpaid regular, overtime, and premium wages due to Plaintiff and class members;

14. For all such other and further relief that the Court may deem just and proper.

DATED: June 25, 2020          **BRADLEY/GROMBACHER, LLP**

By:*/s/ Kiley L. Grombacher*
    Marcus J. Bradley, Esq.
    Kiley Lynn Grombacher,
    Esq. Lirit A. King, Esq.
    Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

DATED:  June 25, 2020 **BRADLEY/GROMBACHER, LLP**

By: */s/ Kiley L. Grombacher*
Marcus J. Bradley, Esq.
Kiley Lynn Grombacher, Esq.
Lirit A. King, Esq.
Attorneys for Plaintiff

CLASS ACTION COMPLAINT