LONNIE D. GIAMELA, SBN 228435
E-Mail  lgiamela@fisherphillips.com
JUSTIN P. HALL, SBN 329464
E-Mail  jhall@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Defendants
LEVY PREMIUM FOODSERVICE LIMITED PARTNERSHIP
and COMPASS GROUP USA, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON PESKETT, individually and on behalf of other individual similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LEVY PREMIUM FOODSERVICE LIMITED PARTNERSHIP, an Illinois limited partnership, COMPASS GROUP USA, INC., a Delaware corporation,<br><br>Defendants. | Case No:  2:20-cv-05694-SVW-PVC<br><br>**DEFENDANT LEVY PREMIUM FOODSERVICE LIMITED PARTNERSHIP'S ANSWER TO PLAINTIFF SHARON PESKETT'S CLASS ACTION COMPLAINT**<br><br>Assigned to the Honorable Stephen V. Wilson, Courtroom 10A<br><br>Complaint Filed:   June 25, 2020<br>Trial Date:          None Set |

Pursuant to Rules 8, 12, and 15 of the Federal Rules of Civil Procedure, Defendant LEVY PREMIUM FOODSERVICE LIMITED PARTNERSHIP ("Defendant"), on behalf of itself and no other Defendant, hereby answers the Class Action Complaint (the "Complaint") filed on June 25, 2020 by Plaintiff SHARON PESKETT ("Plaintiff").

The following numbered paragraphs 1 through 153 correspond to the numbered paragraphs 1 through 153 in the Complaint, such that the following

1

numbered paragraphs constitute Defendant's answer to each such respective specific paragraph in the Complaint:

## INTRODUCTORY FACTUAL ALLEGATIONS

1.     Paragraph 1 of the Complaint contains Plaintiff's characterization of her claims and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendant admits that Plaintiff brings her action under the California Labor Code, California Business and Professions Code, and the Fair Labor Standards Act ("FLSA"), but Defendant denies that it maintained systemic illegal employment practices.

2.     As to paragraph 2 of the Complaint, Defendant admits that it is a restaurant and hospitality company specializing in providing food and beverage services to major entertainment and sports venues.  The remainder of paragraph 2 consists of legal conclusions and/or citations to case law or legal statutes to which no response is required.  To the extent a response is deemed required to the remainder of paragraph 2, Defendant admits that Plaintiff has alleged various wage-hour claims against Defendant, but denies that it is liable to Plaintiff for any of the alleged claims.

3.     Paragraph 3 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required.  To the extent a response is deemed required to paragraph 3, Defendant denies all allegations contained therein.

4.     Paragraph 4 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required.  To the extent a response is deemed required to paragraph 4, Defendant denies all allegations contained therein.

5.     Paragraph 5 of the Complaint contains Plaintiff's characterization of her claims, legal conclusions, and/or citations to case law or legal statutes to which no response is required.  Defendant denies the remaining allegations therein.

DEFENDANT LEVY PREMIUM FOODSERVICE LIMITED PARTNERSHIP'S ANSWER TO PLAINTIFF SHARON PESKETT'S CLASS ACTION COMPLAINT

FP 39929012.1

6. Paragraph 6 of the Complaint contains Plaintiff's characterization of her claims, legal conclusions, and/or citations to case law or legal statutes to which no response is required. Defendant denies all remaining allegations contained therein.

7. Paragraph 7 of the Complaint contains Plaintiff's definition of the "Class Period" and her reservation of the right to amend this Complaint to which no response is required. To the extent a response is deemed required to paragraph 7, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

8. Paragraph 8 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required. To the extent a response is deemed required to paragraph 8, Defendant denies all allegations contained therein.

9. Paragraph 9 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required. To the extent a response is deemed required to paragraph 9, Defendant denies all allegations contained therein.

## JURISDICTION AND VENUE

10. Paragraph 10 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required. Defendant admits that the Court has jurisdiction, but denies any remaining allegations therein.

11. Paragraph 11 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required. Defendant admits that the Court has jurisdiction and that venue in this District is proper, but denies any remaining allegations therein.

## THE PARTIES

12. As to paragraph 12 of the Complaint, Defendant lacks sufficient

knowledge or information to form a belief as to the truthfulness of the allegations regarding Plaintiff's current residency, and, on that basis, denies the allegation. Defendant admits that Plaintiff is a current employee of Defendant and admits the Plaintiff has worked at the Rose Bowl in Pasadena, California and Dodger Stadium in Los Angeles, California.

13.     As to paragraph 13 of the Complaint, Defendant does not dispute Plaintiff's estimated capacities for Dodger Stadium or the Rose Bowl.

14.     Paragraph 14 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required to paragraph 14, Defendant admits that it is an Illinois limited partnership and that COMPASS GROUP USA, INC. is a Delaware corporation and denies all other allegations contained therein.

15.     Paragraph 15 of the Complaint consists of legal conclusions to which no response is required.  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 15, and on that basis, it denies such allegations.

16.     Paragraph 16 of the Complaint consists of legal conclusions to which no response is required.  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 16, and on that basis, it denies such allegations.

17.     Paragraph 17 of the Complaint consists of legal conclusions to which no response is required.  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 17, and on that basis, it denies such allegations.

18.     Paragraph 18 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required to paragraph 18, Defendant denies all allegations contained therein.

19.     Paragraph 19 of the Complaint consists of legal conclusions to which

4

no response is required.  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 19, and on that basis, it denies such allegations.

## **FACTUAL ALLEGATIONS**

20.     In answering paragraph 20 of the Complaint, Defendant incorporates its responses to all preceding paragraphs as though fully set forth herein.

21.     Paragraph 21 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required.  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 21, and on that basis, it denies such allegations.

22.     Paragraph 22 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required to paragraph 22, Defendant denies all allegations contained therein.

23.     Paragraph 23 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required.  To the extent a response is deemed required to paragraph 23, Defendant denies all allegations contained therein.

24.     Paragraph 24 of the Complaint consists of legal conclusions to which no response is required.  Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 24, and on that basis, it denies such allegations.

25.     Paragraph 25 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required to paragraph 25, Defendant denies all allegations contained therein.

26.     As to paragraph 26 of the Complaint, Defendant denies that it rounded class members' time to their detriment.  Defendant admits that it uses a timekeeping software known as 'Kronos," and that employees punch into the system at the beginning and end of their shifts, as well as for meal periods.  Defendant denies

5

that it utilized a rounding system. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 26, and on that basis, it denies such allegations.

27.    Paragraph 27 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is deemed required to paragraph 27, Defendant denies all allegations contained therein.

28.    Paragraph 28 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required. To the extent a response is deemed required to paragraph 28, Defendant denies all allegations contained therein.

29.    As to paragraph 29 of the Complaint, Defendant denies that any security checks employees are subject to originated from a uniform policy of Defendant. Defendant denies requiring employees to undergo security checks. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 29, and on that basis, it denies such allegations.

30.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 30 of the Complaint, and on that basis, it denies all allegations contained therein.

31.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 31 of the Complaint, and on that basis, it denies all allegations contained therein.

32.    As to paragraph 32 of the Complaint, Defendant denies all allegations contained therein.

33.    Paragraph 33 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required. To the extent a response is deemed required to paragraph 33, Defendant denies all allegations contained therein.

34.    Paragraph 34 of the Complaint consists of legal conclusions to which

FP 39929012.1

no response is required.  To the extent a response is deemed required to paragraph 34, Defendant denies all allegations contained therein.

35.    As to paragraph 35 of the Complaint, Defendant admits that "suite attendants" serve patrons who purchase luxury boxes for sporting events and music concerts and that Plaintiff worked in such position.  Defendant denies that patrons "purchase" luxury boxes based on the ambiguity of the term "purchase."

36.    As to paragraph 36 of the Complaint, Defendant admits that suite attendants' duties include being food and beverage servers and bussers in luxury suites and ensuring that food and drinks are set up and fully stocked.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 36, and on that basis, it denies such allegations.

37.    As to paragraph 37 of the Complaint, Defendant denies the allegation that such custom and practice exists, but admits employees may receive gratuities from patrons for events on occasion.

38.    As to paragraph 38 of the Complaint, Defendant admits that it imposes service charges to certain invoices, but denies the rest of the allegations contained therein.

39.    Defendant does not understand what Plaintiff means by "tipping from the service charge" and therefore lacks knowledge or information sufficient to admit or deny the allegations in paragraph 39 of the Complaint, and on that basis, it denies all allegations contained therein.

40.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 40 of the Complaint, and on that basis, it denies all allegations contained therein.

41.    Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 41 of the Complaint, and on that basis, it denies all allegations contained therein.

42.    Defendant lacks knowledge or information sufficient to admit or deny

7

the allegations in paragraph 42 of the Complaint, and on that basis, it denies all allegations contained therein.

43.     As to paragraph 43 of the Complaint, Defendant denies all allegations contained therein.

44.     As to paragraph 44 of the Complaint, Defendant denies all allegations contained therein.

45.     As to paragraph 45 of the Complaint, Defendant denies all allegations contained therein.

46.     As to paragraph 46 of the Complaint, Defendant denies all allegations contained therein.

47.     As to paragraph 47 of the Complaint, Defendant denies all allegations contained therein.

48.     As to paragraph 48 of the Complaint, Defendant denies all allegations contained therein.

49.     Paragraph 49 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required to paragraph 49, Defendant denies all allegations contained therein.

50.     Paragraph 50 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required to paragraph 50, Defendant denies all allegations contained therein.

51.     As to paragraph 51 of the Complaint, Defendant denies all allegations contained therein.

52.     As to paragraph 52 of the Complaint, Defendant admits that it is and was advised by skilled lawyers, other professionals, employees with human resources backgrounds, and advisors with knowledge of California's wage and hour laws.

53.     As to paragraph 53 of the Complaint, Defendant denies all allegations contained therein.

FP 39929012.1

54.     As to paragraph 54 of the Complaint, Defendant denies all allegations contained therein.

55.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 55 of the Complaint, and on that basis, it denies all allegations contained therein.

56.     As to paragraph 56 of the Complaint, Defendant admits that Plaintiff sent notice to the Labor and Workforce Development Agency ("LWDA") on March 2, 2020, which included the specific provisions of the California Labor Code alleged to have been violated.   Defendant denies the remaining allegations contained therein.

57.     As to paragraph 57 of the Complaint, Defendant admits that more than sixty-five days have passed since Plaintiff's notice was mailed to Defendant and the LWDA.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 57, and on that basis, it denies such allegations.

58.     Paragraph 58 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required to paragraph 58, Defendant denies all allegations contained therein.

59.     Paragraph 59 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required to paragraph 59, Defendant denies all allegations contained therein.

60.     Paragraph 60 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required.  To the extent a response is deemed required to paragraph 60, Defendant denies all allegations contained therein.

61.     Paragraph 61 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required to paragraph 61, Defendant denies all allegations contained therein.

FP 39929012.1

# CLASS ACTION ALLEGATIONS

62.    In answering paragraph 62 of the Complaint, Defendant incorporates its responses to all preceding paragraphs as though fully set forth herein.

63.    Paragraph 63 of the Complaint consists of legal conclusions, citations to case law or legal statutes, and definitions of the classes Plaintiff, all of which do not require a response.

64.    Paragraph 64 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required to paragraph 64, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, denies each and every allegation contained therein.

65.    Paragraph 65 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required.  To the extent a response is deemed required to paragraph 65, Defendant denies all allegations contained therein.

66.    Paragraph 66 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required to paragraph 66, Defendant denies all allegations contained therein.

67.    Paragraph 67 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required to paragraph 67, Defendant denies all allegations contained therein.

68.    Paragraph 68 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required to paragraph 68, Defendant denies all allegations contained therein.

69.    Paragraph 69 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required.  To the extent a response is deemed required to paragraph 69, Defendant denies all allegations contained therein.

DEFENDANT LEVY PREMIUM FOODSERVICE LIMITED PARTNERSHIP'S ANSWER TO PLAINTIFF SHARON PESKETT'S CLASS ACTION COMPLAINT

FP 39929012.1

70.     In answering paragraph 70 of the Complaint, Defendant incorporates its responses to each and every preceding allegation and reincorporates said responses as though fully set forth herein.

## COLLECTIVE ACTION ALLEGATIONS

71.     In answering paragraph 71 of the Complaint, Defendant incorporates its responses to all preceding paragraphs as though fully set forth herein.

72.     Paragraph 72 of the Complaint consists of legal conclusions, citations to case law or legal statutes, and a definition of Plaintiff's proposed nationwide FLSA class, all of which do not require a response.

73.     Paragraph 73 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required.

74.     Paragraph 74 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required.  To the extent a response is deemed required to paragraph 74, Defendant denies all allegations contained therein.

75.     Paragraph 75 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required to paragraph 75, Defendant denies all allegations contained therein.

76.     As to paragraph 76 of the Complaint, Defendant denies all allegations contained therein.

77.     Paragraph 77 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required.  To the extent a response is deemed required to paragraph 77, Defendant denies all allegations contained therein.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY ALL WAGES

78.     In answering paragraph 78 of the Complaint, Defendant incorporates its responses to all preceding paragraphs as though fully set forth herein.

11

79.     Paragraph 79 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required.

80.     Paragraph 80 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required to paragraph 80, Defendant denies all allegations contained therein.

81.     Paragraph 81 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required.  To the extent a response is deemed required to paragraph 81, Defendant denies all allegations contained therein.

82.     Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 82 of the Complaint, and on that basis, it denies all allegations contained therein.

83.     As to paragraph 83 of the Complaint, Defendant denies all allegations contained therein.

84.     As to paragraph 84 of the Complaint, Defendant denies all allegations contained therein.

85.     Paragraph 85 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required.  To the extent a response is deemed required to paragraph 85, Defendant denies all allegations contained therein.

86.     As to paragraph 86 of the Complaint, Defendant denies all allegations contained therein.

87.     As to paragraph 87 of the Complaint, Defendant denies all allegations contained therein.

88.     As to paragraph 88 of the Complaint, Defendant denies all allegations contained therein.

89.     As to paragraph 89 of the Complaint, Defendant denies all allegations contained therein.

12

FP 39929012.1

## SECOND CAUSE OF ACTION

## FAILURE TO FURNISH AN ACCURATE ITEMIZED WAGE
## STATEMENT IN VIOLATION OF CAL. LABOR CODE § 226

90.     In answering paragraph 90 of the Complaint, Defendant incorporates its responses to all preceding paragraphs as though fully set forth herein.

91.     Paragraph 91 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required.

92.     Paragraph 92 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required.  To the extent a response is deemed required to paragraph 92, Defendant denies all allegations contained therein.

93.     As to paragraph 93 of the Complaint, Defendant denies all allegations contained therein.

94.     Paragraph 94 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required.  To the extent a response is deemed required to paragraph 94, Defendant denies all allegations contained therein.

## THIRD CAUSE OF ACTION

## IMPROPER SERVICE CHARGES

95.     As to paragraph 95 of the Complaint, Defendant admits that Plaintiff has worked for Defendant at the Rose Bowl since 2019.

96.     As to paragraph 96 of the Complaint, Defendant admits that it adds a service charge to each luxury suite bill.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 96, and on that basis, it denies such allegations.

97.     Paragraph 97 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required.

98.     As to paragraph 98 of the Complaint, Defendant denies all allegations

13

contained therein.

99.    Paragraph 99 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required.  To the extent a response is deemed required to paragraph 99, Defendant denies all allegations contained therein.

100. As to paragraph 100 of the Complaint, Defendant denies all allegations contained therein.

101. As to paragraph 101 of the Complaint, Defendant denies all allegations contained therein.

102. Paragraph 102 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required.  To the extent a response is deemed required to paragraph 102, Defendant denies all allegations contained therein.

## FOURTH CAUSE OF ACTION

## INTENTIONAL INTERFERENCE WITH ADVANTAGEOUS RELATIONS

103. Paragraph 103 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required to paragraph 103, Defendant denies all allegations contained therein.

## FIFTH CAUSE OF ACTION

## BREACH OF CONTRACT

104. Paragraph 104 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required to paragraph 104, Defendant denies all allegations contained therein.

## SIXTH CAUSE OF ACTION

## UNJUST ENRICHMENT

105. In answering paragraph 105 of the Complaint, Defendant incorporates its responses to all preceding paragraphs as though fully set forth herein.

14

106.   Paragraph 106 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required to paragraph 106, Defendant denies all allegations contained therein.

107.   Paragraph 107 of the Complaint contains Plaintiff's characterization of her unjust enrichment claim, to which no response is required.

108.   Paragraph 108 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required to paragraph 108, Defendant denies all allegations contained therein.

109.   Paragraph 109 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required to paragraph 109, Defendant denies all allegations contained therein.

## SEVENTH CAUSE OF ACTION

## VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200, et seq.

110.   In answering paragraph 110 of the Complaint, Defendant incorporates its responses to all preceding paragraphs as though fully set forth herein.

111.   Paragraph 111 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required.

112.   Paragraph 112 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required to paragraph 112, Defendant denies all allegations contained therein.

113.   Paragraph 113 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required.  To the extent a response is deemed required to paragraph 113, Defendant denies all allegations contained therein.

114.   As to paragraph 114 of the Complaint, Defendant denies all allegations contained therein.

115.   As to paragraph 115 of the Complaint, Defendant denies all

15

allegations contained therein.

116.   As to paragraph 116 of the Complaint, Defendant denies all allegations contained therein.

117.   Paragraph 117 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required.  To the extent a response is deemed required to paragraph 117, Defendant denies all allegations contained therein.

118.   Paragraph 118 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required.  To the extent a response is deemed required to paragraph 118, Defendant denies all allegations contained therein.

119.   Paragraph 119 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required.  To the extent a response is deemed required to paragraph 119, Defendant denies all allegations contained therein.

120.   Paragraph 120 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required to paragraph 120, Defendant denies all allegations contained therein.

121.   Paragraph 121 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required.  To the extent a response is deemed required to paragraph 121, Defendant denies all allegations contained therein.

122.   Paragraph 122 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required to paragraph 122, Defendant denies all allegations contained therein.

///

///

///

FP 39929012.1

## EIGHTH CAUSE OF ACTION

## CIVIL PENALTIES FOR VIOLATION OF CALIFORNIA LABOR CODE § 2698-2699

123. In answering paragraph 123 of the Complaint, Defendant incorporates its responses to all preceding paragraphs as though fully set forth herein.

124. Paragraph 124 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required.

125. Paragraph 125 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required.

126. Paragraph 126 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is deemed required to paragraph 126, Defendant denies all allegations contained therein.

127. Paragraph 127 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required.

128. Paragraph 128 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required.

129. Paragraph 129 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required.

130. Paragraph 130 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required.

131. Paragraph 131 of the Complaint consists of legal conclusions to which no response is required. To the extent a response is deemed required to paragraph 131, Defendant denies all allegations contained therein.

132. Paragraph 132 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required. To the extent a response is deemed required to paragraph 132, Defendant denies all allegations contained therein.

133. Paragraph 133 of the Complaint consists of legal conclusions,

17

citations to case law or legal statutes, and Plaintiff's characterization of her Private Attorneys General Act ("PAGA") claim, all of which do not require a response.

134.    Paragraph 134 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required.

135.    Paragraph 135 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required.

136.    Paragraph 136 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required.  To the extent a response is deemed required to paragraph 136, Defendant denies all allegations contained therein.

137.    As to paragraph 137 of the Complaint, Defendant admits that Plaintiff sent notice to the LWDA on March 2, 2020, which included the specific provisions of the California Labor Code alleged to have been violated.  Defendant denies the remaining allegations contained therein.

138.    As to paragraph 138 of the Complaint, Defendant admits that more than sixty-five days have passed since Plaintiff's notice was mailed to the LWDA. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in paragraph 138, and on that basis, it denies such allegations.

## NINTH CAUSE OF ACTION

## FAILURE TO PAY ALL WAGES AND GRATUITY COMPENSATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

139.    In answering paragraph 139 of the Complaint, Defendant incorporates its responses to all preceding paragraphs as though fully set forth herein.

140.    Paragraph 140 of the Complaint consists of legal conclusions, citations to case law or legal statutes, and Plaintiff's characterization of her collective action claim under the FLSA, all of which do not require a response.  To the extent a response is deemed required to paragraph 140, Defendant denies all allegations contained therein.

18

141.   Paragraph 141 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required.  To the extent a response is deemed required to paragraph 141, Defendant admits that the Court has concurrent jurisdiction over claims under the FLSA, and Defendant denies all remaining allegations contained therein.

142.   Paragraph 142 of the Complaint consists of legal conclusions, citations to case law or legal statutes, and Plaintiff's characterization of her collective action claim under the FLSA, all of which do not require a response.  To the extent a response is deemed required to paragraph 142, Defendant denies all allegations contained therein.

143.   Paragraph 143 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required to paragraph 143, Defendant denies all allegations contained therein.

144.   Paragraph 144 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required.  To the extent a response is deemed required to paragraph 144, Defendant denies all allegations contained therein.

145.   Paragraph 145 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required.  To the extent a response is deemed required to paragraph 145, Defendant denies all allegations contained therein.

146.   Paragraph 146 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required to paragraph 146, Defendant admits that it is engaged in communication, business, and transmission throughout the United States.

147.   Paragraph 147 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required.  To the extent a response is deemed required to paragraph 147, Defendant denies that it

19

willfully violated the FLSA.

148.   Paragraph 148 of the Complaint consists of legal conclusions and/or citations to case law or legal statutes to which no response is required.  To the extent a response is deemed required to paragraph 148, Defendant denies all allegations contained therein.

149.   Paragraph 149 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required to paragraph 149, Defendant denies all allegations contained therein.

150.   Paragraph 150  of the Complaint consists of a legal conclusion to which no response is required.  To the extent a response is deemed required to paragraph 150, Defendant denies the allegation contained therein.

151.   Paragraph 151 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required to paragraph 151, Defendant denies all allegations contained therein.

152.   Paragraph 152 of the Complaint consists of Plaintiff's demands for relief to which no response is required.

153.   Paragraph 153 of the Complaint consists of legal conclusions to which no response is required.  To the extent a response is deemed required to paragraph 153, Defendant denies all allegations contained therein.

## **PRAYER FOR RELIEF**

1-14.  With respect to the remaining paragraphs in the Complaint, Defendant alleges that such paragraphs constitute prayers for relief to which no response is required.   To the extent that any response is deemed required, Defendant specifically denies that Plaintiff is entitled to any relief whatsoever. Except as expressly admitted and denied, Defendant does not have sufficient information or belief to respond to the remaining allegations set forth in Plaintiff's prayer for relief and based thereon denies each and every allegation contained therein and each and every part thereof.

20

## AFFIRMATIVE DEFENSES

Defendant further asserts the following separate and additional affirmative defenses.  In asserting these affirmative defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's and/or the putative class members' burden to prove.  If the Court certifies a class in this case and/or allows claims to proceed on a representative or collective basis, to which Defendant objects, Defendant asserts the affirmative defenses set forth herein as to each and every member of any such class and/or representative or collective group.

### FIRST AFFIRMATIVE DEFENSE

1.      Plaintiff's Complaint, and each and every cause of action therein, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2.      Plaintiff's Complaint, and each and every cause of action therein, is barred by the applicable statute of limitations, including but not limited to California Code of Civil Procedure §§ 335.1, 337, 338(a), 339, 340(a), and 343 California Labor Code §§ 203 and 2699.3, 28 U.S.C. § 255, 29 U.S.C. § 1113, California Business & Professions Code §§ 16750.1 and 17208, and any other applicable state or federal laws.

### THIRD AFFIRMATIVE DEFENSE

3.      Plaintiff's claim for restitution under Cal. Bus. & Prof. Code § 17200, *et seq.* (Unfair Competition Law) and for penalties under the California Labor Code are barred by the "excessive fines" clauses of the Eighth Amendment to the United States Constitution and Article I, Section 17 of the California Constitution.

### FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff's claims for penalties under the California Labor Code also are barred by the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and Article I, Section 15 of the California Constitution.

///

21

### FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff's claims alleging that she and/or putative class members are owed unpaid wages, penalties, and other compensation based on Defendant's alleged failure to compensate her and/or putative class members for all hours worked lacks merit to the extent that the alleged work performed by Plaintiff and/or putative class members, if any, was not authorized, suffered, or permitted by Defendant, and/or was performed without Defendant's knowledge and/or control.

### SIXTH AFFIRMATIVE DEFENSE

6.      At all times Defendant was acting in good faith and had reasonable grounds for believing that its method of compensating Plaintiff and/or putative class members was lawful.

### SEVENTH AFFIRMATIVE DEFENSE

7.      The claims of Plaintiff and/or the putative class members are barred, at least in part, by a collective bargaining agreement.

### EIGHTH AFFIRMATIVE DEFENSE

8.      By their conduct, Plaintiff and/or the putative class members have waived any right to recover any relief sought in the Complaint, or in any purported cause of action alleged therein.

### NINTH AFFIRMATIVE DEFENSE

9.      Plaintiff's claims are barred by the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

10.     Plaintiff and/or the putative class members are estopped by their conduct from asserting any cause of action against Defendant or from recovering any relief sought in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

11.     Defendant's alleged conduct toward Plaintiff and/or putative class members, including with regard to compensation, collection of tips and service charges, and furnishing of wage statements, for which Defendant expressly denies

DEFENDANT LEVY PREMIUM FOODSERVICE LIMITED PARTNERSHIP'S ANSWER TO PLAINTIFF SHARON PESKETT'S CLASS ACTION COMPLAINT

FP 39929012.1

liability, was at all times justified and undertaken in a good-faith belief that Defendant was in full compliance with the law.

### TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiff's Complaint, and each and every cause of action therein, is barred in whole or in part because Defendant did not knowingly, intentionally, or willfully violate any provision(s) of the Fair Labor Standards Act, the California Labor Code, or a Wage Order of the California Industrial Welfare Commission.  To the contrary, Defendant acted at all times with the good-faith belief that Plaintiff was not owed any wages or other remuneration of any kind from Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiff's claims and/or prayer(s) for equitable relief are barred in whole or in part because Plaintiff has an adequate remedy at law.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.     Although Defendant maintains that Plaintiff and/or putative class members cannot establish any claim for restitution or other damages, should Defendant be found liable for any amount of restitution or damages, Defendant maintains that such amounts are barred legally, or subject to an equitable offset, due to damages suffered by Defendant which were caused by wrongful conduct of Plaintiff and/or putative class members.  *Service Employees Internat. Union, Local 250 v. Colcord* (2008) 160 Cal.App.4th 362.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.     Defendant is informed and believes, and based on that information and belief alleges, that the imposition of multiple penalties and/or liquidated damages for the same basic alleged wrongdoing would violate the Due Process and Equal Protection Clauses of the United States and California Constitutions.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.     Defendant is informed and believes and based on that information and belief alleges that any finding of liability pursuant to Business and Professions Code

23

section 17200, *et seq*., would violate the Due Process and Equal Protection Clauses of the United States and California Constitutions because the standards of liability under those statutes are unduly vague and subjective.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Permitting this action to proceed as a representative action, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, in violation of the Fourteenth Amendment of the United States Constitution and under the Constitution and laws of the State of California.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Plaintiff failed to exhaust her internal and administrative remedies, including but not limited to such exhaustion of remedies which is required as a condition precedent to maintenance of this action under the California Private Attorneys General Act of 2004, Cal. Lab. Code §§ 2698, *et seq.* ("PAGA"), which failure bars her recovery, if any, against Defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

19.     Any penalties available to Plaintiff and/or other purportedly aggrieved employees under the PAGA are subject to reduction pursuant to, *inter alia*, California Labor Code § 2699(e), including to avoid an award (if any) that would be unjust, arbitrary and oppressive, or confiscatory.

### TWENTIETH AFFIRMATIVE DEFENSE

20.     Plaintiff is not a proper or adequate representative with respect to some or all of the claims and relief sought under the PAGA.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Plaintiff's representative action under the PAGA is not manageable, including because it presents individualized issues of fact and law as to whether the purportedly aggrieved employees were, in fact, aggrieved in the manner Plaintiff alleges, and in that it would require the testimony of individual persons on whose

24

behalf civil penalties and other relief is sought in order for there to be recovery of penalties and other relief on any such person's behalf.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22.     The Complaint, and each and every cause of action therein, cannot be properly maintained as a class action because, among other reasons: (1) Plaintiff has failed to plead, and cannot establish, the necessary procedural elements for class treatment; (2) a class action is not an appropriate method for the fair and efficient adjudication of the claims alleged in the Complaint; (3) common issues of fact or law do not predominate; to the contrary, individual issues predominate; (4) Plaintiff's claims are not representative or typical of the claims of the putative class; (5) Plaintiff is not a proper class representative; (6) Plaintiff cannot satisfy any of the requirements for class action treatment under Rule 23 of the Federal Rules of Civil Procedure, and class action treatment is neither appropriate nor constitutional; (7) there is not a well-defined community of interest in the questions of law or fact affecting Plaintiff and the members of the alleged putative class; (8) the individualized nature of the putative class's claims make class treatment inappropriate; and (9) the alleged putative class is neither ascertainable nor are its members identifiable.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

23.     The class allegations set forth in the Complaint are barred as a matter of law because Plaintiff lacks standing, and thus cannot represent the interests of the putative class members as to each purported cause of action therein.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

24.     Certain interests of the putative class are in conflict with the interests of all or certain sub-groups of the members of the alleged class, which Plaintiff purports to represent, the existence of which is expressly denied.

///

///

DEFENDANT LEVY PREMIUM FOODSERVICE LIMITED PARTNERSHIP'S ANSWER TO PLAINTIFF SHARON PESKETT'S CLASS ACTION COMPLAINT

FP 39929012.1

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     The Complaint, and each and every cause of action therein, fails to the extent that even if Plaintiff and/or any putative class member were not paid for all work performed, such work is not compensable and any alleged underpayment of wages to Plaintiffs and/or the putative class members was *de minimis*.  Pursuant to the *de minimis* doctrine, an employer is not required to pay for insubstantial or insignificant periods of purported off-the-clock work.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     Plaintiff's claim for waiting time penalties pursuant to Labor Code § 203 is barred because Defendant did not willfully withhold wages over which there was no good-faith dispute.  To the contrary, Defendant acted at all times with the good-faith belief that Plaintiff and/or the putative class members were fully compensated as required by law and/or that no wages were owed by this answering Defendant.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     Plaintiff's claim for penalties pursuant to California Labor Code §§ 226 and/or 226.3 is barred because Defendant did not knowingly and intentionally fail to comply with California Labor Code sections 226 and/or 226.3, or any statute or regulation of similar effect.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.     Plaintiff's claim for penalties pursuant to Labor Code § 226(e) is barred because Plaintiff and/or the putative class members have not been injured by Defendant's alleged failure to comply with Labor Code § 226(a), or any statute of similar effect.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

29.     The acts of the other defendants, Doe Defendants, and/or other third parties of which Plaintiff complains were all undertaken outside the scope of their agency, employment, or other relationship with Defendant (if any), and without the

knowledge or consent of Defendant, and Defendant may not be held liable therefor.

## THIRTIETH AFFIRMATIVE DEFENSE

30.    Plaintiff and/or the putative class members have not suffered any losses and Defendant has not been unjustly enriched as a result of any action or inaction by Defendant.  Plaintiff and/or the putative class members are therefore not entitled to any disgorgement or restitution.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31.    The class allegations set for in the Complaint are barred, in whole or in part, to the extent any of the putative class members agreed to arbitrate, and not litigate, any and all claims against Defendant in a valid and enforceable arbitration agreement.

**WHEREFORE**, this answering Defendant prays as follows:

1.    That Plaintiff and the putative class members take nothing by way of the Complaint for damages;

2.    That the purported class action in the Complaint be dismissed in its entirety with prejudice;

3.    That the Court deny class certification and/or any representative or collective action;

4.    That Defendant be awarded its costs of suit and reasonable attorneys' fees incurred in defense of this action pursuant to Labor Code section 218.5, as permitted by law, and/or other applicable statutes; and

5.    That the Court award such other and further relief as it deems appropriate.

///

///

///

///

27

1   Dated:  February 26, 2021              Respectfully submitted,

2                                FISHER & PHILLIPS LLP

3

4                     By:    */s/Justin P. Hall*

5                        LONNIE D. GIAMELA
                           JUSTIN P. HALL

6                        Attorneys for Defendants
                          LEVY PREMIUM FOODSERVICE

7                        LIMITED PARTNERSHIP and
                         COMPASS GROUP USA, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT LEVY PREMIUM FOODSERVICE LIMITED PARTNERSHIP'S ANSWER TO PLAINTIFF
SHARON PESKETT'S CLASS ACTION COMPLAINT

FP 39929012.1

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; am employed with Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On February 26, 2021, I served the foregoing document entitled **DEFENDANT LEVY PREMIUM FOODSERVICE LIMITED PARTNERSHIP'S ANSWER TO PLAINTIFF SHARON PESKETT'S CLASS ACTION COMPLAINT** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

Marcus J. Bradley
Kiley L. Grombacher
Lirit A. King
BRADLEY/GROMBACHER, LLP
31365 Oak Crest Drive, Suite 240
Westlake, CA 91361

*Attorneys for Plaintiff*
SHARON PESKETT
Individually and on behalf of other
individuals similarly situated

Tel: (805) 270-7100 Fax: (805) 270-7589
Email: mbradley@bradleygrombacher.com;
kgrombacher@bradleygrombacher.com;
lking@bradleygrombacher.com

☐ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by FEDERAL EXPRESS]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed February 26, 2021 at Los Angeles, California.

Katherine Wagner
Print Name

By: */s/Katherine Wagner*
Signature